**FILED**

NOV 2 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**STEVEN IVEY,**
*7611 South Orange Bl. Tr.*
*# 278*
**Plaintiff,**
*Orlando, Fla. 32809*

V.

**JOHN W. SNOW, Secretary,**
**U.S. Department of the Treasury,**

**Defendant.**

CASE NUMBER   1:05CV02277

JUDGE: Emmet G. Sullivan

DECK TYPE: Employment Discrimination

DATE STAMP: 11/25/2005

JURY ACTION

## COMPLAINT PURSUANT TO RULE 8 OF FEDERAL RULES OF CIVIL PROCEDURE

The jurisdiction for this case as per Federal Rules of Civil

Procedure, Rule 8(a), can be seen from the collective records by the

US Department of the Treasury as submitted for related case 04-0214 in

this Court.   The incidence was reported to the District of Columbia office of

the US Department of the Treasury as well as the records residing thru the

Treasury's Inspector General Office (TIGTA) in DC.

The complaint is that the plaintiff, Steven Ivey, was

discriminated against due to his age by the defendant, John Snow,

**RECEIVED**

1

OCT 1 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Department of the Treasury.    Age discrimination is pursuant to Title VII of

the Civil Rights Act of 1964, and the Age Discrimination in

Employment Act of 1967.

Attachment #1 (p. 2) from the Treasury Inspector General's

Compliant Division, list the comment made about the Plaintiff by Pam

Blackburn, Supervisor.  This file was not made available to the plaintiff

until December 2004 as part of the documentation submitted by the

defendant in related case 04-0214.  Under Griggs v. Duke Power Co. , 401

US 424; and Smith v. Jackson, No. 03-1160 Supreme Court October Term

2004, it has been determined that the act of intention does not have to be

proven for employees over 40 in order for the discrimination to occur.  This

circumstance, in addition to the facts of discrimination in the Treasury EOP

file, # 02-1135 as previously reported for the consolidated cases exemplifies

the repeated discrimination towards the plaintiff.  The amending of this

complaint to the relative cases of discrimination was not allowed.

Pam Blackburn instead of taking responsibility in the

correction and accountability for discrimination and harassment directed

towards the plaintiff continued to discriminate of which age was one of the

means of discrimination directed at the plaintiff.  The plaintiff had no direct

2

contact with Pam Blackburn for the duration of his employment at the IRS,

Doraville, GA. Processing Center. Thus. There would have been no

immediate means by which Pam Blackburn could have such statistics on the

plaintiff other than to pirate the information from personnel records.

Additionally, in the inquiry as conducted by the TIGTA the plaintiff's age

does not pertain to the issues reviewed.

With Burlington Industries, Inc v. Ellerth, 118 S. Ct. 2257

(1998) and Faragher v. City of Boca Raton, 118 S. Ct. 2275 (1998), the

Supreme Court set 2 principles (1) employer is responsible for acts of

supervisors ; (2) employees should be encouraged to prevent harassment

and employees should be encouraged to avoid or limit the harm from

harassment.

Under civil statutes **42 USCS 1981**, **42 USCS 1983**,

**42 USCS 1986**, **42 USCS 1988** and **42 USCS 2000e** the Plaintiff is

entitled to relief for the above listed violations. This is pursuant to Federal

Rules of Civil Procedure 8(a).

The plaintiff is seeking action to remedy the situations . To

further, the plaintiff is seeking compensatory damages, future offset

3

damages, cost involved in the prosecution of the complaint, and related fees

of processing this complaint.

The plaintiff is requesting a jury trail for this case.

**The plaintiff is requesting that the Court appoint the plaintiff an**

**attorney. (Title VII of the Civil Rights Act of 1964, as amended, 42**

**U.S.C   2000e *et seq*: the Rehabilitation act of  1973, as amended,**

**29 U.S.C.    791(c).**

| 10-7-05 | | |
|---------|---|---|
| **Date** | | **Plaintiff** |
| | | **Steven Ivey** |

4

MAY-01'01(TUE) 09:35    A... ...CTOR OFFICE    77( )5 2262    P. 05/31

FEB-15-2001  14:07



# COMPLAINT REFERRAL MEMORANDUM
### (Response Required)

| 1. Address of Receiving Official | | Date Forwarded |
|---|---|---|
| National Director, Commissioner's Complaint Processing and Analysis Group 1111 Constitution Avenue, NW    Room 6617 Washington, DC 20224 | | DEC 20 2000 |
| | | Date Returned DUE to TIGTA   JUN 20 2001 |

| 4. TIGTA Complaint Referral Number | 5. IRS Number | 6. "1203" Violation Alleged: ☐ Yes ☒ No |
|---|---|---|
| C200007764 | | |

| 7. Complaint Title or Name of Employee (Subject) | 8. Position, Series and Grade |
|---|---|
| CONFIDENTIAL COMPLAINANT | |

| 9. Office (Headquarters) | 10. Post of Duty |
|---|---|
| | |

**11. Remarks**

12. Name, Signature, Title and Telephone Number of TIGTA Official
Karen J. Parker, Assistant Special Agent-in-Charge
Complaint Management Division (202) 927-7187 fax (202) 927-7018.

| 13. Address of the TIGTA Office Referring Complaint | |
|---|---|
| Complaint Management Division Post Office Box 589 Ben Franklin Station Washington, DC 20044-0589 | |

| 14. Name, Signature and Title of Receiving Official | 15. Date Received |
|---|---|
| Cristina Wickham CCPAG | 1/5/01 |

16. Administrative Action(s) Taken and Effective Date(s) Proposed:

A. ☐ Clearance Letter Issued
B. ☒ Closed – No Action Taken
C. ☐ Oral or Written Reprimand/Admonishment
D. ☐ Suspension/Reduction in Grade
E. ☐ Removed/Terminated
F. ☐ Employee Resigned Prior to Adjudication
G. ☐ Returned – TIGTA agreed to Investigate
H. ☐ Other (Explain in Item 18)

| | 17. Contact Person and Telephone Number |
|---|---|
| | T. O'Brien    (770) 455-2214 Field Director, Submission Processing |

**18. Other Information**

Effective date(s)

Block 22 available for additional comments

| 19. Name, Signature, Title and Telephone Number of Returning Official | 20. Date Returned to TIGTA |
|---|---|
| T. O'Brien, Field Director, ATSPC   (770) 455-2214 | MAY – 1 2001 |

Form 2070 (Rev 01/2000)    Treasury Inspector General for Tax Administration

*Attachment #1*

MAR 01 01 (TUE) 09:30      ATS. DIRECTOR OFFICE              TE. '0 ___ 2262           P. 006

Report Of Inquiry                        4              ECMS # 0101-4SVJPLCJ

probationary period because he was not performing. He was told he could resign, but he refused and was terminated. Pam also stated this individual is 40 + years old.

I asked Pam whom else I should interview. She recommended the following:

Kelly Mancle, Expansion Manager
Judy Jordan, Section Chief
Winda Daniels, Expansion Manager
Robert Hall, Expansion Section Chief
Lisa Lee, Expansion Manager.

**Interview with Robert Hall, Night Expansion Section Chief  3/15/01 at 7:10 p.m. (Robert Hall replaced Judy Jordan as Section Chief, as Judy is currently on a detail).**

I asked Robert if he recalled a conversation with a unit manager (page 6 of the letter dated 11/1/00) regarding a conversation relating to a return where the math looked correct but was not and if he observed anyone looking at him during the conversation. Robert does not recall the conversation. I asked if Winda Daniels was one of his managers. He stated that she was. I asked if he was aware of a complaint by an employee that employees and managers were bumping the back of his chair intentionally.   Robert was not aware of this, but said that Winda Daniels might be aware of it. I asked if Robert received complaints on the noise level. He said he did not receive any direct complaints from anyone. However, as a Section Chief, he would walk around on the floor if it got noisy. He said that as a new Section Chief, he was on the floor often. I asked if he knew if someone was given an invitation to a "gay pride party." He said he did and that the person who gave the invitation ████████ works in his Section. The manager, Kelly Mancle, counseled ████████ and told him not to do it again. ████████ had said he didn't think it would offend anyone. Robert said that the invitation also had something to do with a pool party and naked people and that it was given to both straight and gay employees.

Robert stated that he thought the Complainant was the same individual who was fired last week. Someone from Labor Relations/NTEU attended the meeting to terminate Steve Ivey and he brought up all of the stuff mentioned as issues in the complaint letter; i.e., managers and employees bumping his chair etc. He (Steve Ivey) also admitted in this meeting that "he got his own work off the carts."  He was being fired for performance issues in not meeting the TEPS base points. He brought up the fact that he received work that was not legible.

I asked Robert if he addressed the noise level issues. He said he did address the noise issue during unit meetings and that he also walked around the units much of the time.