UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN IVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 05-2277 (EGS) |
| | ) | |
| JOHN W. SNOW, Secretary of Treasury, | ) | |
| U.S. Department of the Treasury, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **DEFENDANT'S MOTION TO DISMISS OR FOR TRANSFER OF VENUE**

Defendant respectfully moves to dismiss this case for lack of subject matter jurisdiction
and for improper venue, or in the alternative Defendant moves to transfer this case to the
Northern District of Georgia, pursuant to Fed. R. Civ. P. 8(a), 12(b)(1), 12(b)(3) and 28 U.S.C.
§§ 1404(a) and 1406(a). In support of this Motion, Defendant respectfully refers the Court to the
accompanying Memorandum of Points and Authorities with attached exhibits and proposed
order.

Plaintiff should take notice that to the extent that this Motion is treated as one for
summary judgment, any factual assertions contained in the attached Memorandum in Support of
this Motion and supporting exhibits will be accepted by the Court as true unless Plaintiff submits
his own affidavit or other documentary evidence contradicting the assertions therein. See Neal v.
Kelly, 963 F.2d 453 (D.C. Cir. 1992).[1]

---

[1] Defendant has attached exhibits for the limited purpose of allowing the Court to
determine whether it has subject matter jurisdiction over Plaintiff's claims and whether venue is
proper in this District. It is well established that when a defendant challenges the substance of
jurisdictional allegations, it may use extraneous evidence to test those allegations without
converting the motion into one for summary judgment. See Land v. Dollar, 330 U.S. 731, 735 n.
4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992);

Respectfully submitted,

___s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


___s/_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


___s/_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

---

Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN IVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 05-2277 (EGS) |
| | ) | |
| JOHN W. SNOW, Secretary of Treasury, | ) | |
| U.S. Department of the Treasury, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR FOR TRANSFER OF VENUE

To the extent that the undersigned counsel for Defendant can understand the Complaint, it seems to be, at bottom, a Title VII action brought by Plaintiff Steven Ivey, a former employee of the United States Department of the Treasury (Department or Treasury) challenging his removal from federal service. See Compl. at 1-2 (claiming that Plaintiff "was discriminated against" in violation of Title VII of the Civil Rights Act of 1962, 42 U.S.C. § 2000e-16, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 631(b)). Moreover, Plaintiff's Complaint is a thinly-veiled attempt to raise the same claims that he raised in an earlier lawsuit that this Court transferred to the Northern District of Georgia. See Ivey v. Snow, Civil No. 04-1377 (EGS). A copy of the Court's order in the earlier-filed Ivey case is attached as Ex. 1. Plaintiff Steven Ivey currently lives in the State of Florida. Compl. (caption listing Plaintiff's address as in Orlando, Florida).

This case should be dismissed because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a), because the Court lacks subject matter jurisdiction over Plaintiff's claims; and because Plaintiff has brought these same claims in a lawsuit pending

before the United States Court of Appeals for the Eleventh Circuit.  In addition, with the exception of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-16, which Plaintiff cites at page three of his Complaint, this case cannot go forward under any of the alternative jurisdictional bases Plaintiff lists in the Complaint.  Compl. at 3 (citing Civil Rights Statutes such as 42 U.S.C. §§ 1981, 1983, 1986, 1988).

Moreover, this case should be dismissed, or in the alternative transferred to the Northern District of Georgia, because the claim arose in that district and because the relevant employment records and witnesses are located in that district.  Plaintiff did not work in the District of Columbia; the action he complains of did not happen in this District; and as shown in the attached declaration, Plaintiff's employment records are not kept in this district.  Accordingly, the Title VII venue statute, 42 U.S.C. § 2000e-5(f)(3), bars Plaintiff from proceeding with his lawsuit in this District.  This Court should dismiss this action pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3), or in the alternative transfer it to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) or 1406(a).

## BACKGROUND

While Plaintiff's Complaint is confusing and difficult to understand, Plaintiff alleges employment discrimination against the United States Department of Treasury.  Compl. at 1. Similarly, his complaint in Civil Action No. 04-1377 (EGS) alleged employment discrimination and attached an August 13, 2004 EEOC decision.  In this case, Plaintiff does not seem to have informed the Court of his earlier case, which the Court transferred to the Northern District of Georgia.  See Ex. 1, transfer order in Ivey v. Snow, Civil Action No. 04-1377 (EGS).

- 2 -

Plaintiff has an employment discrimination lawsuit pending before the United States Court of Appeals for the Eleventh Circuit. See docket for Appeal No. 05-16157-A. That appeal arose from three cases that were consolidated by the United States District Court for the Northern District of Georgia on August 23, 2004 and then dismissed on September 26, 2005. See Ex. 2 attached, Magistrate Judge's Report and Recommendation in Civil Nos. 04-394, -395, -396 (N.D. Georgia); Ex. 3 attached, Opinion and Order. The cases consolidated by the United States District Court for the Northern District of Georgia were: No. 04-394, 04-395 and 04-396. The complaints in those cases are attached as Exhibits 4-6. Together, those complaints alleged that Plaintiff was harassed and challenged his removal on the basis of his race, sex, and reprisal under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-16.[2]

Prior to his termination, Plaintiff was employed by the United States Department of Treasury at the Internal Revenue Services' Atlanta Submission Processing Center located in Chamblee, Georgia. Decl. of Garry Wade Klein at ¶ 4, attached hereto as Ex. 7. Plaintiff's relevant employment records are located in the Northern District of Georgia. Id. at ¶ 6. In addition, the relevant management witnesses are located in the Northern District of Georgia. Id. at ¶ 7. Plaintiff currently resides in Florida. Compl.

---

[2] In addition, Plaintiff has had two complaints dismissed in this District sua sponte for failure to comply with the minimum pleadings requirements of Fed. R. Civ. P. 8(a). Those cases were Ivey v. Snow, No. 04-1272-UNA (see Docket Nos. 5 and 6) and Ivey v. Snow, No. 04-0763-UNA (see Docket Nos. 5 and 6). The complaints in each of those cases were very similar to the instant Complaint, and attached to both dismissed complaints was a copy of the EEOC's October 14, 2003 Decision and Order.

# ARGUMENT

## I.      Legal Standard

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (2004).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.  In connection with this rule, Defendant has submitted herewith materials from Plaintiffs' cases before the Northern District of Georgia and a declaration concerning venue.[3]

---

[3] We also note that Plaintiff's recovery is limited to Title VII's $300,000 statutory cap.  It is settled that Defendant's liability is capped by statute at $300,000, regardless of the number of claims in Plaintiffs' Complaint.  Fogg v. Ashcroft, 254 F.3d 103 (D.C. Cir. 2001); 42 U.S.C. § 1981a(a)(1), (b)(3).

II.     **This Court Lacks Subject Matter Jurisdiction over this Case.**

     A.     Allegations That Are the Subject of Ongoing Litigation before the United States Court of Appeals for the Eleventh Circuit Are Not Properly Before the Court In This Case.

     Plaintiff's appeal to the United States Court of Appeals for the Eleventh Circuit raises same claims that Plaintiff appears to be asserting in this Complaint. See Order of the United States District Court for the Northern District of Georgia, attached as Ex. 3 and that is challenged on appeal. Specifically, Plaintiff challenged his termination before the United States District Court for the Northern District of Georgia and then took an appeal to the United States Court of Appeals for the Eleventh Circuit, which currently is pending.

     The United States Court of Appeals for the District of Columbia Circuit recently noted that: "separate parallel proceedings have been long recognized as a judicial inconvenience." Handy v. Shaw, Bransford, Veilleux & Roth, 325 F.3d 346, 349 (D.C. Cir. 2003) (quoting Columbia Plaza Corp. v. Sec. Nat'l Bank, 525 F.2d 620, 626 (D.C. Cir. 1975) ("sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided")). Where two actions involving the same parties and identical issues are pending in different federal courts, the United States Supreme Court has stated that the "general principle is to avoid duplicative litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (citations omitted). That is exactly the situation here. The Court should dismiss this case in order to avoid the unnecessary time and expense of litigating the same claim between the same parties before two different federal courts. In addition, dismissal would prevent the potential that the courts would reach inconsistent results if the claims proceed in two separate cases. The Court

- 5 -

may, in its discretion, dismiss a case that also is raised in another proceeding. <u>Handy</u>, 325 F.3d at 350-51.[4]  Moreover, the Court should dismiss the instant lawsuit on the basis of the doctrine of <u>res judicata</u>.  Plaintiff had a hearing on these claims and they were dismissed by the United States District Court for the Northern District of Georgia.

      B.        Title VII is Plaintiff's Exclusive Remedy for Employment Discrimination.

      Plaintiff's Complaint contains claims brought under the Civil Rights Statutes, codified at 42 U.S.C. §§ 1981-88.  Compl. at 4.  Those claims should be dismissed because, as a challenge to his termination from federal employment, Plaintiff's sole remedy is Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16.  In <u>Brown v. General Services Admin.</u>, 425 U.S. 820, 829 (1976), the Supreme Court declared that Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-16, created "an exclusive, preemptive administrative scheme for the redress of federal employment discrimination."

      A careful reading of the Complaint indicates that what Plaintiff is complaining about is within the ambit of Title VII.  Plaintiff alleges that he was discriminated against when an employee of the United States Department of the Treasury.  <u>See</u> Complaint at 1-2.  With the exception of Title VII, none of the civil rights statutes Plaintiff cites in his Complaint waives the United States' sovereign immunity as to Plaintiff's claims.  It is settled that the United States, as sovereign, "is immune from suit save as it consents to be sued, and the terms of consent to be

_____

[4] <u>Handy</u> involved review of the District Court's dismissal of a lawsuit also brought in D.C. Superior Court and noted that federal courts should decline jurisdiction over such cases only in "exceptional circumstances."  Here, however, Plaintiff brought similar claims in parallel federal lawsuits in two different districts.  Consistent with the D.C. Circuit's direction, here the Court should dismiss the claims in this case that currently are pending in earlier-filed actions in the Northern District of Georgia.

sued in any court define that court's jurisdiction to entertain the suit."  United States v. Sherwood, 312 U.S. 584, 586 (1941).  See also United States v. Orleans, 425 U.S. 807 (1976); United States v. Testan, 424 U.S. 392, 399 (1976) ("except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction . . . to entertain suits against the United States'") (quoting United States v. Sherwood, 312 U.S. at 587-88).  Thus, a waiver of sovereign immunity is a jurisdictional prerequisite to maintaining a lawsuit against the federal government.  United States v. Mitchell, 463 U.S. 206 (1983); United States v. Shaw, 309 U.S. 495, 500-01 (1940) (the United States is immune from suit unless it has expressly waived sovereign immunity and consented to be sued).  Where the federal government waives its immunity from suit, as in Title VII, "limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied." Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981) ("a waiver of [sovereign] immunity . . . must be 'unequivocally expressed'").  See also United States v. Nordic Village, 503 U.S. 30, 33-34 (1992);  United States v. King, 395 U.S. 1, 4 (1969).  Such waivers are construed "strictly in favor of the sovereign."  Library of Congress v. Shaw, 478 U.S. 310, 318 (1986); King, 395 U.S. at 4; United States v. Erika, Inc., 456 U.S. 201, 206 n.6 (1982).

A party bringing suit against the United States bears the burden to prove that the government has unequivocally waived its immunity.  United States v. Sherwood, supra; Interstate Bank Dallas, N.A., v. United States, 769 F.2d 299, 303 (5th Cir. 1985); Cominotto v. United States, 802 F.2d 1127, 1129 (9th Cir. 1986); Cole v. United States, 657 F.2d 107, 109 (7th Cir.), cert. denied, 454 U.S. 1083 (1981).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a

- 7 -

preponderance of the evidence." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000).

Plaintiff cites 42 U.S.C. §§ 1981, 1983, 1986 and 1988.  None of these statutory provisions waives the United States' sovereign immunity from suit.  Unimex, Inc. v. HUD, 594 F.2d 1060, 1061 (5th Cir. 1979) (citations omitted).  See also United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir. 1982) (citing Unimex, 594 F.2d at 1061).  Courts have held that the statutory provisions of the Civil Rights Statutes do not create substantive rights and thus subject matter jurisdiction; they merely serve as procedural devices for enforcing substantive provisions of the Constitution and federal statutes.  See, e.g., Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (concerning 42 U.S.C. § 1983).  The jurisdictional section corresponding to the Civil Rights Statutes is 28 U.S.C. § 1343, which applies only to suits seeking redress for deprivations of federal rights under color of *state* law and thus does not waive the federal government's sovereign immunity.  See Vincent v. HHS, 600 F. Supp. 110, 111 (D. Nev. 1984) (citations omitted), affirmed, 794 F.2d 683 (9th Cir. 1986).  Generally, the Civil Rights Statutes extend liability only to "persons."  It is settled that the United States is not a "person" subject to suit under these provisions.  Proffitt v. United States, 758 F. Supp. 342, 344-45 (E.D. Vir. 1990) (citations omitted).

III.    **Plaintiff's Complaint should be dismissed for failure to comply with Fed. R. Civ. P. 8(a).**

        Plaintiff's Complaint contains no paragraph numbering, is vague and fails to identify the conduct complained of.  Instead, the Complaint merely asserts that Plaintiff was discriminated against, Compl. at 1, and makes vague allegations about paperwork not being made available to

Plaintiff.  Compl. at 2.  It is not at all clear what specific claims Plaintiff is advancing in this

case.  Defendant thus is left to speculate about what claims are actually before the Court in this

case, whether those claims are being raised pursuant to Title VII, and whether, if so, those claims

were exhausted administratively.

Under the Federal Rules, the principal function of the Complaint is to give the Defendant

fair notice of the claims asserted so that the Defendant can make an adequate response, either by

answer or dispositive motion.  Here, the Complaint fails to meet these requirements.

Rule 8(a), Fed. R. Civ. P., states that a claim:

> [S]hall contain (1) a short and plain statement of the grounds upon which the
> court's jurisdiction depends, unless the court already has jurisdiction and the
> claim needs no new grounds of jurisdiction to support it, (2) a short and plain
> statement of the claim showing that the pleader is entitled to relief, and (3) a
> demand for judgment for the relief the pleader seeks.

Id.  Similarly, Rule 10(b), Fed. R. Civ. P., requires that:

> All averments of claim or defense shall be made in numbered paragraphs,
> the contents of each of which shall be limited as far as practicable to a
> statement of a single set of circumstances; and a paragraph may be referred
> to by number in all succeeding pleadings.  Each claim founded upon a
> separate transaction or occurrence and each defense other than denials
> shall be stated in a separate count or defense whenever a separation
> facilitates the clear presentation of the matters set forth.

Id.  "The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit

the adverse party the opportunity to file a responsive answer, prepare an adequate defense and

determine whether the doctrine of *res judicata* is applicable."  Brown v. Califano, 75 F.R.D. 497,

498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal

Practice and Procedure, § 1217).  "Beyond this, the rule serves to sharpen the issues to be

litigated . . . ."  <u>Brown</u>, 75 F.R.D. at 498 (dismissing pro se plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action).

Here, the Complaint contains no specific jurisdictional statement, and fails to state plainly how Plaintiff believes he is entitled to relief, as required by Rule 8(a).  Furthermore, the Complaint does not contain numbered paragraphs, as required by Rule 10(b).  Rather, the Complaint is a rambling, frequently repetitive narrative that is extremely difficult to follow.  Therefore, the Complaint should be dismissed for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

**IV.    <u>This Action Should Be Dismissed or Transferred for Improper Venue</u>.**

Title VII's venue provision is 42 U.S.C. § 2000e-5(f)(3).  That provision sets forth the exclusive requirements for venue in Title VII actions.  <u>See</u> <u>Stebbins v. State Farm Mut. Ins. Co.</u>, 413 F.2d 1100, 1102 (D.C. Cir. 1969) ("The venue of the right of action here in suit [under Title VII] was limited by the statute which created the right.").  Section 2000e-5(f)(3) provides that Title VII claims may be brought only: (1) where "the unlawful employment practice is alleged to have been committed"; (2) where "the employment records relevant to such [unlawful employment] practice are maintained and administered"; (3) where plaintiff "would have worked but for the allegedly unlawful employment practice"; or (4) where defendant "has his principal office" (but <u>only</u> if defendant "is not found" in any of the three preceding districts).  The District of Columbia does not meet any of the four conditions for venue.

<u>First</u>, the alleged unlawful employment practice was not committed in this district.  Plaintiff was employed at the Internal Revenue Services' Atlanta Submission Processing Center located in Chamblee, Georgia.  Compl. at 3; Ex. 7, Decl. of Garry Wade Klein at ¶ 4.

Second, none of Plaintiff's employment records are maintained and administered in the District of Columbia. Plaintiff's relevant employment records are located in the Northern District of Georgia. Id. at ¶ 6. In addition, the relevant management witnesses in this case are located in the Northern District of Georgia. Id. at ¶ 7.

Third, as noted above, Plaintiff would not have worked in this District at the time period identified in the Complaint. Decl. of Garry Wade Klein at ¶ 4.

Fourth, Plaintiff cannot rely on the fourth prong of the venue statute in § 2000e-5(f)(3) to establish venue here merely because Defendant's principal office is located in this District. The statute itself provides that this fourth prong is available only "if the respondent is not found within any such district" covered by one of the three preceding prongs. See Stebbins, 413 F.2d at 1103 ("Only where the putative employer cannot be brought before the court in one of those districts may the action be filed in the judicial district in which he has 'his principal office.'"). In the present case, Defendant can be "found" and subject to suit in the Northern District of Georgia, where Plaintiff worked before he was terminated. Accordingly, pursuant to 28 U.S.C. § 1406(a), this case should either be dismissed or, should this Court determine it to serve the interest of justice, transferred to the Northern District of Georgia.

**V.      Even If Venue Were Proper in this District, this Case Should Be Transferred for Convenience and in the Interest of Justice.**

The preceding argument demonstrated that venue is not proper in the District of Columbia and accordingly this case must be dismissed or transferred pursuant to 28 U.S.C. § 1406(a). In the alternative, if the Court were to determine that venue is proper here under the standards set forth in Title VII, this case should nevertheless be transferred to the Northern

- 11 -

District of Georgia pursuant to 28 U.S.C. § 1404(a).  That provision authorizes the Court to transfer a case under three conditions: (1) there is another judicial district in which the action properly may have been brought; (2) the convenience of the parties and witnesses would be better served in the alternative district; and (3) transfer is in the interest of justice.  See Claasen v. Brown, No. 94-1018 (GK), 1996 WL 79490, at *5-6 (D.D.C. Feb. 16, 1996).  Each of these conditions is satisfied in the present case.

Plaintiff may properly have brought this action in the Northern District of Georgia, where Plaintiff worked at the time of his termination, pursuant to the third prong of the Title VII venue statute in § 2000e-5(f)(3).

Moreover, considerations of convenience and justice weigh in favor of transferring this action to the Northern District of Georgia.  "Although Plaintiff's choice of forum is entitled to great consideration, it is not determinative when other factors strongly militate, as they do here, in favor of transfer."  See Claasen at *6 (holding that where plaintiff lived "in close proximity" to alternative forum, it was "of relatively minor importance" that plaintiff's lawyers maintained an office in the District of Columbia, and ordering that case be transferred).  Moreover, Plaintiff's choice of forum is entitled to less weight when, as here, that forum is outside of Plaintiff's home jurisdiction.  Stewart v. Capitol Area Permanente Medical Group, 720 F. Supp. 3, 5 (D.D.C. 1989).

Plaintiff lives in Florida.  Many of the witnesses and agency officials with knowledge about Plaintiff's allegations are located in the Northern District of Georgia, and the relevant employment records are also located Northern District of Georgia.  Klein Decl. at ¶¶ 4-7.  Thus,

- 12 -

the convenience of the parties and witnesses would be better served in the Northern District of

Georgia and transfer is in the interest of justice.

## CONCLUSION

The Court should either dismiss this action or transfer it to the Northern District of

Georgia.

Respectfully submitted,


_____s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____s/_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____s/_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on January 13, 2006, I served a copy of the foregoing

Defendant's Motion to Dismiss or for Transfer of Venue, a supporting memorandum, and a

proposed Order by first class mail, postage pre-paid, to the following:

Steven Ivey
7611 S. Orange BL TR, #278
Orlando, FL 32809

_____
PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 307-0372