## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,

  Plaintiff,

   v.          Civil Action No.  04-1377 (EGS)

JOHN W. SNOW, Secretary,
 U.S. Department of the Treasury,

  Defendant.

## MEMORANDUM OPINION

  This matter is before the Court on consideration of defendant's motion to dismiss or for transfer of venue.  Having considered the motion, plaintiff's opposition, and the entire record, the Court will transfer this action to the United States District Court for the Northern District of Georgia.

### I.  BACKGROUND

  Plaintiff is a former employee of the United States Department of Treasury, having worked at the Internal Revenue Service's Atlanta Submission Processing Center in Chamblee, Georgia. Def.'s Mot., Ex. 4 (Klein Decl.), ¶ 4.  He alleges, generally, that defendant violated regulations and procedures in effecting his termination.  It appears that plaintiff raises an employment discrimination claim, charging that defendant unlawfully terminated his employment on the bases of race (Caucasian), color (white), and sex (male).  *See* Compl. at 4 (citing 42 U.S.C. § 2000e as a basis for the Court's jurisdiction) & Ex. (EEOC Decision dated October 13, 2003).

1

## II.  DISCUSSION

Defendant moves to dismiss this action on the ground that this Court lacks subject matter jurisdiction.  In the alternative, defendant moves to transfer this action to the Northern District of Georgia.

Title VII of the Civil Rights Act has its own venue provision.  In relevant part, the act provides that an employment discrimination action:

> may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

42 U.S.C. § 2000e-5(f)(3).  By this standard, the Northern District of Georgia clearly is the proper venue for adjudication of this action.

Plaintiff was employed in Chamblee, Georgia, and allegedly was terminated because of defendant's unlawful employment practice.  *See* Klein Decl., ¶ 4.  He would have continued to work in Chamblee, Georgia but for defendant's unlawful employment practice.  In addition, defendant demonstrated that relevant employment records and witnesses are located in Georgia. *Id.*, ¶¶ 6-7.

Plaintiff's arguments for pursuing this action in the District of Columbia are not persuasive.  The fact that the United States Department of Treasury has its headquarters in this district is not controlling.  *See* 42 U.S.C. § 2000e-5(f)(3) (allowing action to be brought in the district of where the employer has his principal office, but only if the employer is not found within any other district).  There is a clear preference for adjudication of employment discrimination claims in the judicial district most concerned with the alleged discrimination.  *See Stebbins v.*

2

*State Farm Mutual Auto. Ins. Co.*, 413 F.2d 1100, 1102-03 (D.C. Cir.), *cert. denied*, 396 U.S. 895

(1969).  In addition, to the extent plaintiff alleges that defendant failed to follow procedures

properly, the Court notes that these acts or failures to act necessarily occurred in Georgia.

### III.   CONCLUSION

The Court concludes that this district is not the proper venue for adjudication of plaintiff's

employment discrimination claim, and that transfer of this action to the United States District

Court for the Northern District of Georgia is proper.[1]  An Order consistent with this Memorandum

Opinion will be issued separately on this same date.


Signed:          EMMET G. SULLIVAN
                 United States District Judge

Dated:           April 1, 2005

---

[1]        Plaintiff has filed three civil actions in the Northern District of Georgia, and
appears to challenge the fact of his termination and the process by which it occurred.  *See* Def.'s
Mot., Ex. 1-3).  If indeed the instant action is duplicative of the matters pending in the Northern
District of Georgia, that court is better able to make such a determination.  Accordingly, the Court
will deny defendant's motion to dismiss.