```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF GEORGIA
                  ATLANTA DIVISION

STEVEN IVEY,                    )
                                )    CIVIL ACTION
          Plaintiff,            )
                                )    NOS: 1:04-CV-394-JOF-ECS
v.                              )         1:04-CV-395-JOF-ECS
                                )         1:04-CV-396-JOF-ECS
JOHN W. SNOW, Secretary,        )         (Consolidated)
United States Department        )
of the Treasury,                )
                                )
          Defendant.  _____ )
```

**FINAL REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

**I.**
**Introduction**

This matter involves three pro se civil actions filed by Plaintiff which were consolidated by District Judge Forrester on August 23, 2004. See [Doc. No. 22].[1] In the first action, filed on January 13, 2004, Plaintiff alleges that he was harassed and eventually terminated on the basis of his sex and race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). [1:04-CV-394-JOF-ECS][Doc. No. 2]. In the alternative, Plaintiff alleges that he was terminated in retaliation for whistle-blowing activity, in violation of the Whistleblower Protection Act, 5 U.S.C. § 2302 ("WPA"). See id. In the second action, filed on January 30, 2004, Plaintiff alleges that

---

[1] Unless otherwise specified herein, all docket numbers refer to civil action 1:04-CV-394-JOF-ECS.

AO 72A
(Rev.8/82)

Defendant violated his First and Fifth Amendment rights. [1:04-CV-395-JOF-ECS][Doc. No. 2]. In his third action, filed on February 9, 2004, Plaintiff alleges that he was discriminated against on the basis of his sex and race, again in violation of Title VII. [1:04-CV-396-JOF-ECS][Doc. No. 1].

Presently before the Court is Defendant's motion for summary judgment as to all Plaintiff's claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. [Doc. No. 67]. The time for filing a response to Defendant's motion has expired without response. Accordingly, the motion is deemed unopposed. See LR 7.1B, NDGa.[2] For this reason, and for the reasons addressed herein, the Court **RECOMMENDS** that Defendant's motion for summary judgment [Doc. No. 67] be **GRANTED**.[3]

---

[2]The Court notes that, at the outset of this matter, this Court issued a "Notice to Pro Se Parties," which informed Plaintiff of his duty to respond to any motion filed by Defendant. [Doc. No. 5]. In addition, this Court has also directed Plaintiff to respond to Defendant's motion for summary judgment on other occasions. See e.g. [Doc. No. 73]("Plaintiff is ADVISED that he should respond to Defendant's pending motion for summary judgment or such motion will be deemed unopposed.").

[3]In making this recommendation, the Court notes that it has carefully reviewed Defendant's motion and the evidence in support thereof. See United States v. One Parcel of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101-1102 (11th Cir. 2004)(stating that a court cannot grant a motion for summary judgment that is unopposed without reviewing the evidence submitted in support of it and determining that summary judgment is appropriate).

## II.
## **Factual Background**

In reviewing a motion for summary judgment, the Court must view the evidence and factual inferences in a light most favorable to the non-moving party. Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1309 (11th Cir. 2001); Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 920 (11th Cir. 1993). Considering this standard, but also considering that Plaintiff has not responded to Defendant's motion for summary judgment, the Court derives the following facts from Defendant's motion for summary judgment, its statement of material facts and exhibits submitted in support thereof, and Plaintiff's pleadings:

Plaintiff was employed by the Internal Revenue Service ("IRS") as a seasonal data transcriber in its Chamblee, Georgia, office between January, 1999, and March, 2001. [Doc. No. 2]; [Doc. No. 67](Ex. 1- Employee History Report). During his employment, Plaintiff alleges that he was subjected to continuous harassment from rude and unhelpful supervisors; by disruptive co-workers who would play their music loudly, talk excessively, "pass[ ] gas" behind Plaintiff's chair, mimic Plaintiff's body movements, and stare at him; and by a male employee who, on one occasion, invited Plaintiff to "a gay pool party." [Doc. No. 2]. Plaintiff complained about some of these incidents and later argued that such complaints

constituted protected whistleblowing activity. See [Doc. No. 67](Ex. 3- Fed. Cir. Decision)(stating that Plaintiff characterized his complaints of "high levels of noise, excessive meetings, and disruptive activities by coworkers" as whistleblowing activity). He also complained, at some point, that the IRS instructed its employees to check off the "Presidential Donations" box on tax forms. Id.

When Plaintiff's performance was reviewed in 2001, his work was rated a "1" in "Quality." See [Doc. No. 67](Exs. 1 & 2). In February, 2001, Plaintiff walked out of a training class because he thought the instructor was "pick[ing] on him in front of the class." [Doc. No. 67](Ex. 1- February 5, 2001, Letter). On March 7, 2001, the IRS terminated Plaintiff. [Doc. No. 67](Ex. 2- Termination Letter). In the termination letter, Bettye Reid, Chief of the IRS' Processing Division, stated as follows:

> You have failed to meet the required standards for performance in your position. Your last Quarterly Individual Performance Report indicates a rating of "1" in the Critical Element 'Quality.' As a result, I have determined that you are unsuitable for continued employment.

Id.

After he was terminated, Plaintiff initiated EEOC proceedings against the IRS, alleging that he was terminated on the basis of his sex, race, and prior EEO activity. [Doc. No. 2]. After seeking

4

counseling and filing a formal complaint, Plaintiff requested a hearing before an administrative judge ("AJ"). Id. The AJ subsequently dismissed Plaintiff's case for failure to prosecute, and, in a final order dated March 24, 2003, the IRS concurred with the AJ, stating that "it was fully implementing the AJ's decision dismissing the complaint." Id. Plaintiff appealed this order, and the EEOC issued a decision reversing the agency's final order on October 14, 2003. Id. The decision stated that Plaintiff could file a civil action in federal court within ninety days of the decision. Id.

Also after his termination, Plaintiff filed an "Individual Right of Action" appeal under the WPA with the Merit Systems Protection Board ("MSPB"). On January 22, 2004, the MSPB issued a decision finding that Plaintiff was not entitled to relief under the WPA. See [Doc. No. 64](Ex. 67- Ex. 3- Fed. Cir. Decision). Plaintiff subsequently appealed this decision to the Federal Circuit, which affirmed the MSPB's decision on August 5, 2004. Id. As stated above, Plaintiff subsequently filed three civil actions in this Court, on January 13, 2004, January 30, 2004, and February 9, 2004, respectively.

### III.
### Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1432 (11th Cir. 1998), cert. denied, 525 U.S. 962 (1998). A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991)(en banc)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The substantive law applicable to the case determines which facts are material. Anderson, 477 U.S. at 248.

The moving party bears the initial burden of showing the court "the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and "an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Four Parcels, 941 F.2d at 1437-1438. If the moving party fails to discharge this initial burden, then the motion must be denied. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir.

6

1993)(citing <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991)). If the burden is met, however, the non-moving party must then "go beyond the pleadings and...designate specific facts showing that there is a genuine issue for trial." <u>Celotex</u>, 477 U.S. at 324 (citing Fed. R. Civ. P. 56(e)).

**IV.**
**Discussion**

**A. Plaintiff's Claims Under the WPA**

Defendant argues that summary judgment is appropriate as to Plaintiff's claims under the WPA because the Court lacks jurisdiction to consider them. [Doc. No. 67](Def. Br. at 6-8). The Court agrees. First, Plaintiff filed his initial complaint, which alleged claims under the WPA, on January 13, 2004. [Doc. No. 2]. Defendant has presented evidence that the MSPB did not issue a final decision with respect to Plaintiff's WPA claims until January 22, 2004. The statutory framework of the WPA does not permit a plaintiff to file a civil action prior to receiving a final decision from the MSPB. <u>See</u> 5 U.S.C. § 1221(h); <u>accord</u> <u>Stella v. Mineta</u>, 284 F.3d 135, 142 (D.C. Cir. 2002)("Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance."); <u>Parola v. IRS</u>, 1999 WL 1215557, *7 (E.D.N.Y. Dec. 15, 1999)("An aggrieved employee may only seek judicial review upon obtaining a

7

final decision from the MSPB."). Second, although Plaintiff initiated separate EEOC proceedings alleging that his termination was discriminatory, there is no indication that the proceedings before the MSPB were a "mixed case appeal."[4] The WPA does not provide for review by the district court of whistleblower claims that are not presented to the MSPB in conjunction with claims of discrimination. 5 U.S.C. §§ 1221(h); 7702, 7703(b); accord Parola, 1999 WL 1215557 at *7 ("[I]f the whistleblower claim is not accompanied by allegations of unlawful discrimination, rendering the action a 'mixed case appeal,' [ ] review is limited to the Federal Circuit."). Finally, if Plaintiff's case before the MSPB was a "mixed case appeal," then his decision to appeal his WPA claims to the Federal Circuit would waive his ability to bring either his WPA claims or his discrimination claims to this Court. See generally Chappell v. Chao, 388 F.3d 1373 (11th Cir. 2004). For these reasons, the Court **RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED** with regard to Plaintiff's WPA claims.

---

[4] The docket from Plaintiff's case in the Federal Circuit reveals that Plaintiff selected box number "1" on his statement concerning discrimination, indicating that no allegation of discrimination had been made in his case. See Ivey v. Dept. of Treasury, 107 Fed. Appx. 918, 2004 WL 1799405 (Fed. Cir. Aug. 5, 2004)(Docket); Fed. Cir. R. 15(c).

**B.   Plaintiff's First and Fifth Amendment Claims**

Defendant next argues that Plaintiff's First and Fifth Amendment claims are due to be dismissed because they are preempted by the Civil Service Reform Act ("CSRA"). [Doc. No. 67](Def. Br. at 8-10).  As an initial matter, the Court notes that Plaintiff's claims are against the IRS, and are thus claims against the United States.  Plaintiff's complaints demonstrate that he is seeking money damages in this matter, and thus the doctrine of sovereign immunity is applicable.  See United States v. Mitchell, 445 U.S. 535, 538 (1980)(United States is protected from suits for money damages absent an express, unequivocal waiver of sovereign immunity).  "[A] party who sues the United States has the burden of identifying the specific statutes waiving the government's sovereign immunity and showing that the requirements of such statutes have been met." Ray v. Lowder, 2003 WL 695924, *3 (M.D. Fla. May 4, 2003)(quoting Macelvain v. United States, 2002 WL 31409568, *3 (M.D. Ala. Sept. 5, 2002)); see also Lundeen v. Mineta, 291 F.3d 300, 304 (5th Cir. 2002); Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987); Miami-Dade County, Fla. v. United States, 345 F.Supp.2d 1319, 1354 (S.D. Fla. 2004).  Plaintiff has not done so in this case, and, accordingly, his First and Fifth Amendment claims should be dismissed.

AO 72A
(Rev.8/82)

Even if sovereign immunity does not bar Plaintiff's First and Fifth Amendment claims, the Court agrees with Defendant that such claims are preempted by the CSRA. Congress created the Civil Service Reform Act ("CSRA") to review personnel actions taken against federal employees, United States v. Fausto, 484 U.S. 439, 454 (1988), and the Eleventh Circuit has held that the CSRA preempts "job-related Bivens actions by federal employees." See Stephens v. Dept. of Health & Human Servs., 901 F.2d 1571, 1577 (11th Cir. 1990).[5] Further, although Plaintiff's position as a seasonal, probationary employee would not entitle him to appeal rights under the CSRA, see 5 U.S.C. § 7511, the Eleventh Circuit has held that a federal employee is not allowed to bring a Bivens claim in federal court even if he is excluded from the CSRA. Lee v. Hughes, 145 F.3d 1272, 1277 (11th Cir. 1998)(federal employee who is excluded from the CSRA cannot maintain constitutional tort claims in federal court). Therefore, the Court **RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED** with regard to Plaintiff's First and Fifth Amendment claims.

---

[5] In Bivens v. Six Unknown Unnamed Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court implied a cause of action against federal agents who allegedly violated the plaintiff's constitutional rights while acting under the color of federal law.

10

AO 72A
(Rev.8/82)

**C.   Plaintiff's Title VII Claims**

Finally, Defendant moves for summary judgment on Plaintiff's Title VII claims. [Doc. No. 67](Def. Br. at 10-16).  As stated above, Plaintiff's Title VII claims fall into two categories: (1) sexual and racial harassment and (2) unlawful termination on the basis of sex and race.[6]  As explained below, these claims are also subject to dismissal.

   **a.   Harassment**

In order to prevail in a case of sexual or racial harassment, the plaintiff must show, in general: (1) that he belongs to a protected group; (2) that he was subjected to unwelcome harassment; (3) that the harassment was based on the plaintiff's sex or race; (4) that the harassment was objectively and subjectively severe or pervasive so as to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a

---

[6] It is also unclear whether Plaintiff alleges in his first complaint that he was terminated in retaliation for complaints of discrimination in violation of Title VII.  See [Doc. No. 2]. Defendant's motion for summary judgment does not specifically address a Title VII retaliation claim, but states that the government is moving for summary judgment as to all Plaintiff's claims. [Doc. No. 67].  To the extent that Plaintiff is asserting a Title VII retaliation claim, such claim would fail because, as shown below, Defendant has presented legitimate reasons for firing Plaintiff and Plaintiff, in failing to oppose Defendant's motion, has failed to demonstrate that such reasons are pretextual. Accordingly, the Court **RECOMMENDS** that summary judgment be **GRANTED** as to any Title VII retaliation claim in this matter.

11

basis for holding the employer liable. <u>Miller v. Kenworth of Dothan, Inc.</u>, 277 F.3d 1269, 1275 (11th Cir. 2002).

Here, Plaintiff's harassment claims fail for two reasons. First, the harassment described in Plaintiff's complaints does not appear to be based on Plaintiff's sex or race. See <u>Gupta v. Fla. Bd. of Regents</u>, 212 F.3d 571, 583 (11th Cir. 2000)(quoting <u>Mendoza v. Borden, Inc.</u>, 195 F.3d 1238, 1245 (11th Cir. 1999))("Innocuous statements or conduct, or boorish ones that do not relate to the sex [or race] of the actor or of the offended party are not counted."); <u>Hudson v. Norfolk S. R.R. Co.</u>, 209 F.Supp.2d 1301, 1316 n. 19 (N.D. Ga. 2001)(Carnes, J.)("Title VII does not prohibit 'harassment' in and of itself [and] certainly does not prohibit all behavior an employee may find to be unpleasant or annoying."). Second, even if the allegations in Plaintiff's complaint are accepted as true, the alleged harassment does not come close to meeting the severe or pervasive prong of Plaintiff's case. See e.g. <u>Mendoza</u>, 195 F.3d at 1247 (no actionable sexual harassment where the plaintiff alleged one instance in which her harasser stated "I'm getting fired up," one occasion in which her harasser had touched her shoulder and rubbed his hip against hers, three instances in which her harasser looked at her groin area and made a sniffing noise, and several instances of her harasser following her and/or staring at her in a "very obvious fashion."); <u>Smith v. Beverly Health & Rehab. Servs.</u>,

978 F.Supp. 1116, 1121-1122 (N.D. Ga. 1997)(Hull, J.)(supervisor's calling the plaintiff a "mooly," having him perform menial tasks, using racially offensive terms such as 'nigger,' and improperly altering the plaintiff's work schedule insufficient to constitute actionable racial harassment).  Simply put, Title VII is not a "general civility code for the American workplace."  Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998).  The Court **RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED** with respect to Plaintiff's sexual and racial harassment claims under Title VII.

    **b.   Wrongful Termination**

Plaintiff also alleges that he was wrongfully terminated on the basis of his sex and race.  In a discriminatory discharge case, the allocation of burdens and order of presentation and proof are as follows: (1) the plaintiff has the burden of establishing a prima facie case of discrimination; (2) once the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the action taken against him; and (3) if the defendant succeeds, the burden then shifts back to the plaintiff to raise a genuine factual question as to whether the defendant's stated reason is mere pretext. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973); Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000)(en banc).

A plaintiff alleging wrongful discharge may typically establish a prima face case by showing that: (1) he was a member of a protected class; (2) he was qualified for the position; (3) he was terminated; and (4) he was replaced by someone outside of his protected class. <u>Edwards v. Wallace Cmty. College</u>, 49 F.3d 1517, 1521 (11th Cir. 1995); <u>Hawkins v. CECO Corp.</u>, 883 F.2d 977, 982 (11th Cir. 1989). In lieu of showing that he was replaced, Plaintiff may instead establish a prima facie case by showing that similarly-situated individuals outside his protected classes were not terminated. See <u>EEOC v. Joe's Stone Crab, Inc.</u>, 220 F.3d 1263, 1286 (11th Cir. 2000); <u>Maniccia v. Brown</u>, 171 F.3d 1364, 1368 (11th Cir. 1999).

In the instant case, Defendant contends that Plaintiff's low performance evaluations demonstrate that he was not qualified for his job. Even assuming, however, that Plaintiff was minimally qualified, there is no evidence that Plaintiff was replaced by a female, or a minority, or that a female or minority with the same ratings as Plaintiff was retained. Accordingly, Plaintiff's case fails at the prima facie stage. Moreover, Defendant has presented legitimate, non-discriminatory reason for firing Plaintiff-- namely that his performance was unsatisfactory-- and there is no evidence in the record casting doubt on that reason. Therefore, because Plaintiff has failed to establish a prima facie case of

14

discrimination and because there is no evidence creating a genuine issue of fact as to pretext, the Court **RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED** as to Plaintiff's discriminatory discharge claims.

## V.
## Conclusion

For the foregoing reasons, the Court concludes that, in addition to being unopposed, Defendant's motion for summary judgment is well-taken. Accordingly, the Court **RECOMMENDS** that Defendant's motion for summary judgment [Doc. No. 67] be **GRANTED** and that this matter be **DISMISSED** in its entirety.

The Clerk is **DIRECTED** to terminate the district court's referral of Civil Actions 1:04-CV-394, 1:04-CV-395, and 1:04-CV-396 to the undersigned magistrate judge.

It is **SO REPORTED AND RECOMMENDED**, this 13th day of June, 2005.

>S/ *E. Clayton Scofield III*
>E. Clayton Scofield III
>UNITED STATES MAGISTRATE JUDGE

15