IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVEN IVEY, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NOS. |
| v. | : 1:04-CV-0394-JOF |
| | : 1:04-CV-0395-JOF |
| JOHN W. SNOW, Secretary, United States Department of Treasury, | : 1:04-CV-0396-JOF |
| | : |
| Defendant. | : |

**OPINION AND ORDER**

In Civil Action No. 1:04-CV-394-JOF, this matter is before the court on Defendant's motion for summary judgment [67-1]; the Report and Recommendation of E. Clayton Scofield III [84-1]; Plaintiff's motion to amend complaint [86-1]; Plaintiff's motion to stay [87-1]; Plaintiff's motion for leave to proceed *in forma pauperis* [88-1]; and Plaintiff's motion to stay [91-1].

In Civil Action No. 1:04-CV-395-JOF, this matter is before the court on Defendant's motion for summary judgment [65-1]; the Report and Recommendation of E. Clayton Scofield III [86-1]; Plaintiff's motion to amend complaint [88-1]; Plaintiff's motion to stay [89-1]; Plaintiff's motion for leave to proceed *in forma pauperis* [90-1]; and Plaintiff's motion to stay [93-1].

In Civil Action No. 1:04-CV-396-JOF, this matter is before the court on Defendant's motion for summary judgment [62-1]; the Report and Recommendation of E. Clayton Scofield III [79-1]; Plaintiff's motion to amend complaint [81-1]; Plaintiff's motion to stay [82-1]; Plaintiff's motion for leave to proceed *in forma pauperis* [83-1]; and Plaintiff's motion to stay [86-1].

**I.   Background**

Plaintiff, Steven Ivey, proceeding *pro se*, filed three separate actions against John W. Snow, as Secretary of the United States Treasury, concerning Plaintiff's employment with the Internal Revenue Service. In Civil Action 1:04-CV-394, Plaintiff contends that he was harassed and eventually terminated on the basis of his sex and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and he was terminated in retaliation for whistleblowing activity in violation of the Whistleblower Protection Act, 5 U.S.C. § 2302. In Civil Action 1:04-CV-395, he contends that Defendant violated his rights under the First and Fifth Amendments of the United States Constitution. In Civil Action No. 1:04-CV-396, Plaintiff again alleges he was discriminated against on the basis of his sex and race in violation of Title VII. The court consolidated Plaintiff's actions in an order dated August 23, 2004.

On February 10, 2005, Defendant filed a motion for summary judgment on all claims in all cases. Despite being directed by the Magistrate Judge to do so, Plaintiff has not responded to Defendant's motions for summary judgment and they are deemed unopposed. However, as the Magistrate Judge noted, Defendant's motion is reviewed on its own merits,

2

AO 72A
(Rev.8/82)

as instructed in *United States v. One Parcel of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004).

Plaintiff was employed by the IRS as a seasonal data transcriber in its Chamblee, Georgia office between January 1999 and March 2001. Plaintiff complained that he was subjected to continuous harassment from rude and unhelpful supervisors; by disruptive co-workers who would play their music loudly, talk excessively, "pass[] gas" behind Plaintiff's chair, mimic Plaintiff's body movements, and stare at him; and by a male employee who, on one occasion, invited Plaintiff to a "gay pool party." Plaintiff asserts that his complaints about these issues constitute protected whistleblowing activity. Plaintiff also complained that the IRS informed its employees to check off the "Presidential Donations" box on tax forms.

Plaintiff received extremely poor work evaluations in 2001 and was terminated. Plaintiff filed charges of discrimination through the IRS and Department of Treasury, as well as an appeal under the Whistleblower Protection Act through the Merit Systems Protection Board. On January 22, 2004, the Board found that Plaintiff was not entitled to any relief. Plaintiff appealed to the United States Court of Appeals for the Federal Circuit which affirmed the Board's decision.

## II. Discussion

### A. Report and Recommendation

In his Report and Recommendation, Magistrate Judge Scofield determined that the court is without jurisdiction to hear Plaintiff's Whistleblower Protection Act claim on

numerous alternative grounds, including that Plaintiff had already appealed his Whistleblower Protection Act claim to the Federal Circuit. Next, the Magistrate Judge found that because Plaintiff sought monetary damages for his constitutional claims, they were barred by the doctrine of sovereign immunity. Alternatively, the claims were preempted by the Civil Service Reform Act.

With respect to Plaintiff's harassment claim, the Magistrate Judge found that Plaintiff could not establish such harassment was based on his race or sex. Furthermore, he concluded that the harassment was not sufficiently severe or pervasive to state a claim. As to Plaintiff's claim for wrongful termination, the Magistrate Judge found that Plaintiff could not set forth a prima facie case of discrimination because he did not assert that he was replaced by someone outside his protected class. Furthermore, Defendant proffered a legitimate non-discriminatory reason for Plaintiff's termination – poor performance. Plaintiff did not offer any evidence to challenge that evaluation as pretextual.

Plaintiff did not file any objections to the Report and Recommendation of the Magistrate Judge. Having read and considered it, this court ADOPTS the Report and Recommendation as the ORDER of this court. The court GRANTS Defendant's motions for summary judgment.

### B. Remaining Matters

As noted above, Plaintiff did not file any objections to the Report; rather, Plaintiff filed a motion to amend his complaint, a motion for leave to proceed *in forma pauperis* and two

motions to stay. In his motion to amend, Plaintiff seeks to add a claim under the Age Discrimination in Employment Act. Plaintiff contends a document produced to him in December 2004 is the basis for his new claim. Plaintiff does not explain why he failed to file a motion to amend his complaint until six months later.[1] Because Plaintiff filed the instant motion to amend his complaint after the close of discovery, after Defendant filed his motion for summary judgment, and after the Magistrate Judge issued his Report and Recommendation, the court DENIES Plaintiff's motion to amend for lack of good cause and failure of due diligence. *See generally Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418-19 (11th Cir. 1998).

Plaintiff also filed two motions to stay pending (1) his petition for a writ of mandamus with the United States Court of Appeals for the Eleventh Circuit, (2) review and amending of criminal charges, (3) amending of his age discrimination claim, and (4) extension of discovery period for the process of Plaintiff's newly filed case styled as *Ivey v. Snow*, Civil Action No. 05-CV-1150-JOF. As described above, the court has denied Plaintiff's motion to amend his complaint. The court has no information on any criminal charges and does not find any such charges relevant to the instant proceeding. Plaintiff apparently filed a motion to proceed *in forma pauperis* on a writ of mandamus before the United States Court of Appeals for the

---

[1]The court's review of this document fails to discern any statement in it that could be construed as discrimination on the basis of age.

5

Eleventh Circuit. In an order dated July 22, 2005, the Court of Appeals denied Plaintiff's motion for failure to provide an affidavit of indigence in conformance with Fed. R. App. P. 24. The Court of Appeals also denied Plaintiff's motion for a stay.

Plaintiff initially filed Civil Action No. 1:05-CV-1150-JOF on August 13, 2004, in the United States District Court for the District of Columbia. That court transferred the case here on April 1, 2005. In Civil Action No. 1:05-CV-1150, Plaintiff asserts that his termination was improper under 5 U.S.C. § 7513 and the Restructuring and Reform Act of 1998. Plaintiff also challenges his work evaluations. Plaintiff claims he is entitled to relief pursuant to 42 U.S.C. §§ 1981, 1983, 1986, 1988 and 42 U.S.C. § 2000e. The court finds that nothing asserted by Plaintiff in Civil Action No. 05-CV-1150 warrants a stay in the instant actions. For the foregoing reasons, the court DENIES Plaintiff's motions for a stay.

As instructed by the Court of Appeals, Plaintiff filed a motion for leave to proceed *in forma pauperis* on his writ of mandamus before the Court of Appeals. Plaintiff asserts that he wishes to argue to the Court of Appeals that (1) the district court is improperly giving assistance to Defendant, (2) the court is infringing on his rights under the Fourteenth Amendment, (3) Defendant is engaged in obstruction of justice for failure to investigate criminal issues, (4) the District Courts for the District of Columbia and for the Northern District of Georgia are consistent in their treatment of *pro se* litigants, and (5) Defendant and the court have attempted to discredit, intimidate, and mislead Plaintiff, as well as deny his rights. Typically, before a litigant may proceed *in forma pauperis*, this court must determine

whether the appeal is taken in good faith. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a). An action is not taken in good faith when the litigant seeks review of issues which are frivolous. *Ellis v. United States*, 356 U.S. 674 (1958); *Parsell v. United States*, 218 F.2d 232, 236 (5th Cir. 1955).[2] *See also Coppedge v. United States*, 369 U.S. 438, 445 (1962) (frivolity is judged from objective standard). An action is frivolous when the issues are without arguable merit and therefore futile. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citations omitted). The court finds that issues Plaintiff intends to raise in his writ of mandamus are frivolous and therefore DENIES his motion for leave to proceed *in forma pauperis* on his writ of mandamus.

### III.  Conclusion

In Civil Action No. 1:04-CV-394-JOF, the court GRANTS Defendant's motion for summary judgment [67-1]; ADOPTS the Report and Recommendation of Magistrate Judge E. Clayton Scofield III [84-1]; DENIES Plaintiff's motion to amend complaint [86-1]; DENIES Plaintiff's motion to stay [87-1]; DENIES Plaintiff's motion for leave to proceed *in forma pauperis* [88-1]; and DENIES Plaintiff's motion to stay [91-1].

In Civil Action No. 1:04-CV-395-JOF, the court GRANTS Defendant's motion for summary judgment [65-1]; ADOPTS the Report and Recommendation of Magistrate Judge E.

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions that the former Fifth Circuit rendered prior to October 1, 1981.

AO 72A
(Rev.8/82)

Clayton Scofield III [86-1]; DENIES Plaintiff's motion to amend complaint [88-1]; DENIES Plaintiff's motion to stay [89-1]; DENIES Plaintiff's motion for leave to proceed *in forma pauperis* [90-1]; and DENIES Plaintiff's motion to stay [93-1].

In Civil Action No. 1:04-CV-396-JOF, the court GRANTS Defendant's motion for summary judgment [62-1]; ADOPTS the Report and Recommendation of Magistrate Judge E. Clayton Scofield III [79-1]; DENIES Plaintiff's motion to amend complaint [81-1]; DENIES Plaintiff's motion to stay [82-1]; DENIES Plaintiff's motion for leave to proceed *in forma pauperis* [83-1]; and DENIES Plaintiff's motion to stay [86-1].

The Clerk of the Court is DIRECTED to DISMISS WITH PREJUDICE Plaintiff's complaints in Civil Action Nos. 1:04-CV-394-JOF, 1:04-CV-395-JOF, and 1:04-CV-306-JOF.

**IT IS SO ORDERED** this 26th day of September 2005.

                                                s/ J. Owen Forrester
                                                J. OWEN FORRESTER
                              SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)