UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVN IVEY,

    Plaintiff,

    V.

Civil Action No. 05-2277-EGS

JOHN SNOW, Secretary,
U.S. Department of the Treasury,

    Defendant.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS/CHANGE VENUE

    The plaintiff request the Court to not dismiss this case nor to transfer venue to Northern District of Georgia because this Court pursuant to 28 U.S.C.S. § 1391 (e) (1) and 1391 (e) (2) is the proper jurisdiction for this case. This case is also independent of issues and facts from related cases reported to this Court as can be seen by the separate processing of facts through the related case 04-0214 in this Court. As per suggestion of related case 04-1217 in this Court the plaintiff attempted to amend this case to other cases but the defendant and US District Court of Northern Georgia

1

denied such request. The defendant's request to dismiss or change of venue pursuant to 28 U.S.C.S. § 1404 (a) and 1406 (a); Fed. R. Civ. P. 12(b)(1) and 12 (b) (3) is incorrect.

Attached to this Motion is the supporting argument; Memorandum of Supported Facts and Authorities; and the Declaration of the plaintiff.

## Certification of Service

The attached document was sent by certified mail to:

Office of the Clerk
US District Court for DC
333 Constitution Ave, N.W.
Washington, DC, 20001

And by regular mail to:

Peter Smith
Civil Division
Office of the US Attorney General
555 4th Street, N.W.
Washington, DC, 20530


_Feb. 13, '06_
Date

_Steven Ivey_
Steven Ivey,
Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,

    Plaintiff,

                      V.                      Civil Action No. 05-2277-EGS

JOHN W. SNOW, Secretary,
U.S. Department of the Treasury,

    Defendant.

## MEMORADUM IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR TRANFER VENUE

1.        The jurisdiction for this case as per Federal Rules of Civil Procedure, Rule 8(a), can be seen from the collective records by the US Department of the Treasury as submitted for related case 04-0214 in this Court. The incidence was reported to the District of Columbia office of the US Department of the Treasury as well as the records residing thru the Treasury's Inspector General Office (TIGTA) in DC.

1

## ARGUMENT

2.  From the plaintiff's attached declaration it can be seen that there is substantial evidence to suggest that the origination of the claim presented for the case herein stems from a false record compiled by the TIGTA, \Kathleen Bushnell, in the District of Columbia. Because the issue of the claim is age discrimination, it raises the fact that involved in the claim is the improper knowledge of the plaintiff's date of birth. This fact combined with the plaintiff's claim from related cases that his social security number was pirated gives rise to repeated attempts to victimize the Plaintiff in regards to identity information. These issues raise concerns of identity theft as perpetuated in the DC District by the employees submitting affidavits to the US Treasury EOP and TIGTA files.

3.  With the initial compliant, Attachment #1 (p. 2) from the Treasury Inspector General's Compliant Division, includes the testimony made about the Plaintiff by Pam Blackburn, Supervisor, concerning the plaintiff's age. This file was not made available to the plaintiff until December 2004 as part of the documentation submitted by the defendant in related case 04-0214. Under <u>Griggs v. Duke Power Co.</u>, 401 US 424; and <u>Smith v. Jackson</u>, No. 03-1160 Supreme Court October Term 2004, it has

been determined that the act of intention does not have to be proven for employees over 40 in order for the discrimination to occur. This circumstance, in addition to the facts of discrimination in the Treasury EOP file, # 02-1135 as previously reported for the consolidated cases exemplifies the repeated discrimination towards the plaintiff. The amending of this complaint to the relative cases of discrimination was not allowed.

4.      The defendant's reference to recovery limit's is premature. The statutory limit mentioned refers only to compensatory limits. Any settled or awarded amounts should be done with due consideration to "all" cost generated and factors affecting "all" cost such as repeated intentional violations in the presents of existing claims.

5.      In response to the defendant's claim that the case herein represents a "parallel proceedings" it should be noted that the defendant has objected repeatedly to amending of issues for the related cases. The issue at present involves the same plaintiff and defendant but that is do in part to the fact that the defendant has refused to allow the amending of the defendants and claims. The full realization of the plaintiffs has not been allowed or addressed which in turn concerns the issue of the denial of due process. There are more employees affected by the claims as reported by

3

the plaintiff. The attempt of the defendant in its reasoning and argument is to offset claims reported in the appeal case 05-16175-A. The issues of the claims in the related cases has been a result of the defendant's failure to properly investigate, correct, and resolve the claims. It is presently requesting that this Court contribute to this denial of due process by stipulating that the plaintiff's claims are duplications.

6. The plaintiff's claim herein is age discrimination. The defendant's reference to the plaintiff's termination as an issue for this case is improper. This age discrimination was committed in the aftermath of pervious discrimination and the plaintiff being an informant. Consequently, the issue of 18 USCS § 1513, Retaliating against an Informant, can be raised.

7. As listed in the plaintiff's attached Statement of Declarations, 42 USCS § 1983, Civil Action for Deprivation of Rights, covers federal employees acting under "color of law" and in particular that which occurs in the DC District. This also concerns the issue of sovereign immunity. Additionally, sovereign immunity issue are weighed against allegations of egregious actions, specifically criminal in nature. The defendant as raised in the referenced appeal, 05-16175 has denied due process and equal

protection under the law. The violation of reference claim to the plaintiff's age demonstrates the defendant's disregard to the plaintiff Rights and Privacy. As stipulated above the determination of age discrimination does not rely on proving intention even though the allegation remains that the defendant did demonstrate intention.

8. Because the TIGTA file containing the record of the issue presented herein involves allegations of 18 USCS § 1001, False Records, it is not clear exactly where the violation occurred. However, since the TIGTA office and related file are in the DC District proper jurisdiction would, thus, be the DC District. The alleged violation was reported and committed in the DC District. These facts establish the first (1) and second (2) criteria of the four venue requirements as listed in the defendant's Motion for Dismissal and/or Venue Change. Though the plaintiff was employed at the Doraville, GA, processing center he had plans to transfer or seek other employment with the federal sector. This raises questions of the plaintiff meeting criteria three (3). Further, determination of issues of this case would be needed to determine criteria four (4).

9. In due and justifiable consideration to proper venue it should be noted that the plaintiff's place of residence could also represent proper

5

venue. However, because of the above and with the most recent claims filed in the DC District, proper venue is the DC District.

## CONCLUSION

10.    Based on the above and attached declaration the Court should not grant dismissal and/or change of venue as requested by the defendant.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,
    Plaintiff,

                                     Civil Action No. 05-2277-EGS

V.

JOHN SNOW,
Secretary,
U.S. Department of the Treasury,
    Defendant.

### DECLARATION OF PLAINTIFF, STEVEN IVEY

I, Steven Ivey, pursuant to provision 28 USC §1746, declare the following:

1. I was not aware of the age discrimination until December 2004 when it was submitted as part of the documentation of related case 04-0214. Additionally, the TIGTA file/documentation in question was not produced during MSPB hearings.

2. Issues surrounding the proper organization and record, raise questions of 18 USCS § 1001, False Records, of the documentation for the TIGTA file. This issue has been raised in a recent claim filed in the DC District.

3. The plaintiff reported that there were Treasury employees who

1

worked simultaneously for the US Postal Service. This is a violation of Treasury rules and OPM regulations; a prohibited practice.

The plaintiff also reported that there was an illegal knowledge of the contents of his postal mail being know by his manager at the time, Winda Daniels, black female. The information concerned a birthday card sent to Ivey by a family member from a specific part of the country. Ivey is a private person, he never spoke to Winda Daniels in any way his birthday.

4. During period of the incident of the above fact the plaintiff's American Express statement was pirated from his mail and a fictitious account open and charged to the plaintiff.

5. The issue of age discrimination was not raised in any prior claims or related cases of the plaintiff.

6. I would have at some point pursued employment with the federal sector more in line with my education qualifications. I would have pursued employment initially in the DC area.

*The following is in opposition to defendant's Memorandum of Points and Authorities, dated January 13, 2006:*

Page 1:

7.      The complaint stems from evidence submitted to this Court from related case 04-0214. Therefore, proper jurisdiction for this Court is established. Additionally, as per 42 USC §1983, because the compliant centers on testimony submitted in the District of Columbia jurisdiction is proper for the DC District.

8.      The plaintiff has attempted to amend this claim and others as can be seen from the docket report for cases 04-0394, 04-0395, and 04-0396.

Page 2:

9.      The DC District, DC Appeals, and the Supreme Court stipulate that pro se litigants be allowed to submitted claims in their own words as opposed the manner of practicing legal personnel. However, to this stipulation the pro se litigant has to adhere to court rules. The plaintiff has submitted the present claim as per related cases, in addition to following Court suggestions.

10.     There is questionable evidence as to the place and time of origin of the claim because the document generating the claim is a not in chronological order, giving question to how it was formulated in DC by

3

Kathleen Bushnell. (This issue and others has generated a separate claim recently filed in the DC District.)

11.     The employment records of the plaintiff as stipulated from case 04-0214 and 05-1095 are not in the Northern District of Georgia.

Page 3:

12.     The plaintiff does not allege that the claims of the pending case 05-16175-A are challenging his termination, hence, this one of the errors generating the appeal.

13.     For the present case witnesses are located equally in the DC District, Northern Georgia District,, and the Middle District of Florida.

14.     From related case in the DC District, 05-1095, documentation as stipulated to be in the Northern Georgia District has not be supplied to the plaintiff from that district.

I declare under penalty of perjury that the foregoing is true and correct. Executed on __13th__ day of __Feb.__, 2006.

_____
(Deponent's Signature)

Steven Ivey
7611 S. Orange Bl. Tr., #278
Orlando, FL, 32809

4