UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN IVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 05-2277 (EGS) |
| | ) | |
| JOHN W. SNOW, Secretary of Treasury, | ) | |
| U.S. Department of the Treasury, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS
OR FOR TRANSFER OF VENUE**

Plaintiff's Response to Defendant's Motion to Dismiss or for Transfer, Docket No. 10 ("Response"), fails even to address many of Defendant's arguments, each of which requires dismissal or transfer of this case. Moreover, Plaintiff's Response makes obvious that this lawsuit simply is an attempt at forum shopping so that Plaintiff can circumvent the rulings of the United States District Court for the Northern District of Georgia, now on appeal to the United States Court of Appeals for the Eleventh Circuit. Plaintiff's Response and the accompanying declaration unconvincingly try to distinguish this case from Plaintiff's many other cases and claims before the United States Court of Appeals for the Eleventh Circuit.

Despite Plaintiff's claims to the contrary, this is, at bottom, an action for employment discrimination. Compl. at 1-2 (claiming that Plaintiff "was discriminated against" in violation of Title VII of the Civil Rights Act of 1962, 42 U.S.C. § 2000e-16, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 631(b)). Defendant previously argued that this case should be dismissed because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a), because the Court lacks subject matter jurisdiction over certain of Plaintiff's claims; and

because Plaintiff has brought these same or substantially similar claims in a lawsuit pending

before the United States Court of Appeals for the Eleventh Circuit.  Alternatively, Defendant

argued that this case should be dismissed or transferred because the claim arose in the Northern

District of Georgia, and because the relevant employment records and witnesses are located in

that district.

Plaintiff's opposition ignores most of these arguments, addressing only whether

Plaintiff's cases in the Northern District of Georgia, now consolidated as an appeal to the

Eleventh Circuit, raise the same claims as this one and addressing some, but not all, of the factors

governing venue in Title VII cases.

I.     **This Court Lacks Subject Matter Jurisdiction over this Case.**

A.     Plaintiff's Claims That Are Pending Before Other Courts Are Not Properly Before
the Court In This Case.

Plaintiff's Response claims that he is not challenging his termination from an IRS facility

in Georgia, which is the subject matter of the cases he brought in the Northern District of

Georgia.  As this Court is well aware, Plaintiff challenged his termination in Civil No. 04-1377

(EGS), a lawsuit this Court transferred to the Northern District of Georgia.  Ivey v. Snow, Civil

No. 04-1377 (EGS) (attached to Defendant's Memorandum as Ex. 1).

Plaintiff's response states that his claim here is "age discrimination" only, which he

claims occurred after his termination from federal employment.  Response at 4.  First, Plaintiff

cannot amend his Complaint in his Response.  Nor did Plaintiff file a proposed amended

complaint with his Opposition.  As the Court is well aware, a plaintiff cannot amend his or her

complaint through an opposition to a motion to dismiss.  Fed. R. Civ. P. 7(a) (pleadings

allowed), 15(a) (amended pleadings).[1]  Thus, Plaintiff's Response's representations about what claims are before the Court are a nullity.  The only pleading before the Court is Plaintiff's Complaint.

Even if the Court were to construe Plaintiff's characterization of his claims in his Response as an amendment to his Complaint, the amendment would be subject to dismissal for failure to state a claim.  Plaintiff does not plead that Defendant took any adverse action against Plaintiff cognizable under Title VII after he left federal employment.  It is axiomatic that a court should not allow a plaintiff to amend a complaint if doing so would be futile.  See James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996), cert. denied, 519 U.S. 1077 (1997)  ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss."); see also 3 Moore's Federal Practice § 15.15[3], at 15-48 (1999) (recognizing that if "the proposed amendment is legally insufficient," "it would be futile to grant leave to amend.").

As explained in Defendant's memorandum, to the extent that Complaint in this case raises substantially the same claim as Plaintiff's cases in other jurisdictions, this case must be dismissed.  Handy v. Shaw, Bransford, Veilleux & Roth, 325 F.3d 346, 349 (D.C. Cir. 2003) (quoting Columbia Plaza Corp. v. Sec. Nat'l Bank, 525 F.2d 620, 626 (D.C. Cir. 1975) ("sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided")).

---

[1] Though complaints filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), pro se litigants must nevertheless comply with the Federal Rules of Civil Procedure.  Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987).

Plaintiff simply asserts in his Response, without adequate explanation, that the claims he is

raising in this case are different from his other "related" cases, which have been consolidated and

are now pending before the Eleventh Circuit.  Response at 3.

     B.     The Court Lacks Subject Matter Jurisdiction over this Case.

     Plaintiff's Response makes clear that Defendant's motion is correct, that Plaintiff's

Complaint should be dismissed because it lacks a short and plain statement of any claim over

which this Court would have jurisdiction.  Plaintiff's confusing Response claims that the Court's

subject matter jurisdiction over this case is not limited to Title VII but includes Fed. R. Civ. P.

Rule 8(a) and 42 U.S.C. § 1983.  Response at 1.  See also Compl. at 3 (citing Civil Rights

Statutes such as 42 U.S.C. §§ 1981, 1983, 1986, 1988).  Defendant's memorandum explained

why the referenced civil rights statutes (42 U.S.C. §§ 1981-1988) do not create a cause of action

against the federal government in this case.  The only Defendant in this case is the Secretary of

Treasury in his official capacity.  In his Response, Plaintiff argues that Section § 1983 covers

federal employees acting "under color of law."  Response at 4 (without citation and without

explanation of what conduct is at issue).  As explained in Defendant's Memorandum, Section

1983 does not provide a cause of action against the federal government at all; nor does it provide

a cause of action against the Secretary of Treasury acting in his official capacity, nor against any

federal employee acting under the color of federal law.  See generally Chapman v. Houston

Welfare Rights Org., 441 U.S. 600, 617 (1979) and cases cited in Defendant's Memorandum.

Finally, Plaintiff fails even to accurately quote the statute.  Section 1983 concerns those acting

"under color of any State law."  28 U.S.C. § 1343(a)(3) (Section 1983's jurisdictional provision).

**II.**    **This Action Should Be Dismissed or Transferred for Improper Venue**.

This is the second time that Plaintiff has brought essentially the same employment discrimination case before this Court.  Title VII's venue provision is both clear and specific.  42 U.S.C. § 2000e-5(f)(3) provides that Title VII claims may be brought only: (1) where "the unlawful employment practice is alleged to have been committed"; (2) where "the employment records relevant to such [unlawful employment] practice are maintained and administered"; (3) where Plaintiff "would have worked but for the allegedly unlawful employment practice"; or (4) where Defendant "has his principal office" if Defendant "is not found" in any of the three preceding districts.

It is undisputed that prior to his termination, Plaintiff was employed by the Internal Revenue Services' Atlanta Submission Processing Center located in Georgia.  Response at 5; Def. Ex. 4, Klein Decl. at ¶ 4.  Plaintiff merely asserts in his Response that relevant employment records and witnesses are located in this district.  He does not identify what records or witnesses, nor their precise location.  See Response at 5, Pl. Decl. at ¶¶ 11, 13.  Plaintiff's speculation does not rebut Defendant's specific declaration explaining that the relevant employment records are maintained and administered in the Northern District of Georgia, Klein Decl. at ¶ 4, and that the relevant management witnesses also are located in the Northern District of Georgia.  Id. at ¶ 7.

Plaintiff's Response makes several additional arguments in attempt to convince the Court that venue lies in this District.  Plaintiff claims that venue is proper in this Court because some (non-employment) records "resid[e] thru [sic] the Treasury's Inspector General Office (TIGTA) in D.C.," Response at 1, and because he filed materials "in this Court."  Response at 1.  Neither of these arguments establishes proper venue in this District.  First, the fact that Plaintiff filed

certain of his records with the Court does not mean that this District is where "the employment records relevant to such [unlawful employment] practice are <u>maintained and administered</u>."  <u>Id.</u> (emphasis added).  Had Congress contemplated that the filing of a Complaint or other document would create proper venue, it would not have bothered to enact Title VII's venue provision because venue would lie in every federal judicial district simply by virtue of the filing of a complaint.

Second, Plaintiff's contention that certain materials are maintained by the "Treasury's Inspector General Office [sic]," Response at 1, (and Plaintiff has provided no evidentiary support for this assertion), simply is an argument that venue lies here because the Treasury Department's headquarters is here.  Response at 2 ("origination of the claim . . . stems from a false record compiled by the TIGTA . . . in the District of Columbia.").

42 U.S.C. § 2000e-5(f)(3) is clear that venue will lie where Defendant "has his principal office" <u>only</u> if defendant "is not found" in any of the other districts referenced in the statutory provision.  Here, it is clear that  (1) where "the unlawful employment practice is alleged to have been committed"; (2) where "the employment records relevant to such [unlawful employment] practice <u>are maintained and administered</u>"; and (3) where Plaintiff "would have worked but for the allegedly unlawful employment practice" are in the Northern District of Georgia.  Plaintiff was employed at the Internal Revenue Services' Atlanta Submission Processing Center located in Chamblee, Georgia.  Klein Decl. at ¶ 4.  Plaintiff's relevant employment records are maintained there.  <u>Id</u>. at ¶ 6.

Finally, Plaintiff's claim that he intended to move to Washington, D.C. at some unspecified future time, Response at 5, is irrelevant.  What is relevant for purposes of the statute

is where Plaintiff <u>did in fact</u> work.  Accordingly, pursuant to 28 U.S.C. § 1406(a), this case should be dismissed since the Court already transferred a substantially similar case to the Northern District of Georgia.  Should the Court, however, chose not to dismiss this case, it should be transferred to the Northern District of Georgia.

**III.    Even If Venue Were Proper here, this Case Should Be Transferred for Convenience <u>and in the Interest of Justice</u>.**

Even if the Court were to determine that venue is proper here under the standards set forth in Title VII, this case should nevertheless be transferred to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) since the majority of the witnesses and the records are located in that district and because Plaintiff has additional lawsuits against Defendant pending in that district.

**CONCLUSION**

The Court should either dismiss this action or transfer it to the Northern District of

Georgia.

Respectfully submitted,


    s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


    s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


    s/
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, on February 23, 2006, I served a copy of the foregoing

Defendant's Reply in Support of His Motion to Dismiss or for Transfer of Venue by first class

mail, postage pre-paid, to the following:

Steven Ivey
7611 S. Orange BL TR, #278
Orlando, FL 32809


s/

_____
PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 307-0372