UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN IVEY,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>JOHN SNOW, Secretary, United States Department of the Treasury,<br><br>　　Defendant. | Civil Action No.  05-2277 (EGS) |

**MEMORANDUM  OPINION**

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for transfer of venue.  Having considered the motion and plaintiff's opposition, the Court will transfer this action to the United States District Court for the Northern District of Georgia.

I.   BACKGROUND

Plaintiff is a former employee of the United States Department of the Treasury, Internal Revenue Service ("IRS"), who worked at its Doraville, Georgia processing center.  Compl. at 1, 3.  He alleges that defendant discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA"), *see* 29 U.S.C. § 621 *et seq*.  *Id*. at 1-2.  In addition, plaintiff alleges discrimination on an unspecified basis, and brings claims under Title VII of the Civil Rights Act ("Title VII"), *see* 42 U.S.C. § 2000e *et seq*., and under 42 U.S.C. §§  1981, 1983, 1986, and 1988.  *Id*. at 2, 3.  He demands "compensatory damages, future offset damages, cost[s] involved in

1

the prosecution of the complaint, and related fees of processing this complaint." *Id*. at 3-4.

## II.  DISCUSSION

### A.  Dismissal under Rules 8(a) and 10 of the Federal Rules of Civil Procedure Is Not Warranted.

Defendant moves to dismiss on the ground that the complaint fails to comply with Rules 8(a) and 10 of the Federal Rules of Civil Procedure.

The Court is mindful that a pleading prepared by a *pro se* litigant is held to a less stringent standard than that applied to a formal pleading drafted by a lawyer.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even a *pro se* litigant, however, must comply with the Federal Rules of Civil Procedure.  *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a). "The purpose of the rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The Court cannot conclude that the complaint fails to provide defendant fair notice of the claims against him.  Nor can the Court conclude, in light of the content of his dispositive motion, that defendant could not prepare a substantive response. Notwithstanding the complaint's deficiencies in format and organization, dismissal

under Rules 8(a) and 10 is not warranted.

     *B. This Action will be Transferred to the Northern District of Georgia.*

There is a clear preference for adjudicating employment discrimination claims in the judicial district most concerned with the alleged discrimination. *See Stebbins v. State Farm Mutual Auto. Ins. Co.*, 413 F.2d 1100, 1102-03 (D.C. Cir.), *cert. denied*, 396 U.S. 895 (1969). Defendant argues, and the Court agrees, that the District of Columbia is not the proper venue for the adjudication of plaintiff's employment discrimination claims.

In relevant part, Title VII provides that a civil action may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Under none of these criteria is the District of Columbia the proper venue. Nothing in the complaint or in plaintiff's subsequent submissions shows that any unlawful employment practice was committed in the District of Columbia, or that any relevant employment records are maintained in the District of Columbia, or that plaintiff would have worked in the District of Columbia but for defendant's alleged unlawful employment practice. The fact that the United States Department of Treasury and IRS have principal offices in this district is not controlling. *See id.* (allowing action to be brought in the district where the employer has his principal office, but only if the employer is not found within any other district). Rather, the record shows that the IRS

operated a processing center in Georgia, that plaintiff worked in Georgia until his termination, and that his employment records are maintained in Georgia. *See* Def.'s Mot., Ex. 4 (Klein Decl.) ¶¶ 4, 6.

Plroper venue for plaintiff's age discrimination claims is not in the District of Columbia. The ADEA has no venue provision of its own; instead venue is determined by the general venue statute, 28 U.S.C. § 1391. *See, e.g., Rebar v. Marsh*, 959 F.2d 216 (11th Cir. 1992) (applying general venue provision to ADEA); *Horowitz v. Vasquez*, Civ. No. 00-1195, 2006 WL 2078445, *1 (D.D.C. July 24, 2006) (same). Under this provision, venue is proper "in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). Although defendant arguably "resides" in this district, plaintiff does not. None of the events giving rise to plaintiff's age discrimination claims appears to have occurred in the District of Columbia.

Having concluded that venue is not proper in the District of Columbia, the Court must either dismiss this case or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The determination of whether an action should be transferred "is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 266 (1981). The Court concludes that the proper venue for this action is in the United States District Court for the Northern District of Georgia, and that transfer of this action is in the

interest of justice.[1]

### III.  CONCLUSION

For the reasons stated above, the Court will grant defendant's motion to transfer venue, and will deny defendant's motion to dismiss without prejudice.  An Order consistent with this Memorandum Opinion will be issued separately on this same date.

        Signed:        EMMET G. SULLIVAN
                          United States District Judge

        Dated:         September 20, 2006

---

[1] The United States District Court for the Northern District of Georgia has had before it one civil action transferred from this district as well as three civil actions filed by plaintiff.  *See* Def.'s Mot., Ex. 4-7.  If indeed any of the claims raised herein are barred or must be dismissed on other grounds, that court would be better able to make such a determination.